UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-274-FDW

| | |
|---|---|
| AJANAKU MURDOCK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>JACK MCCLELLAND, et al., )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. (Doc. No. 6).

### I. BACKGROUND

Pro se Plaintiff Ajanaku Murdock, a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, filed this action on May 23, 2017, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff brings various, unrelated claims against fourteen Defendants, based on events occurring at Lanesboro.

### II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the

1

court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

Under Rule 18(a) of the Federal Rules of Civil Procedure, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. See FED. R. CIV. P. 18(a). However, to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. See FED. R. CIV. P. 20(a)(2). Here, Plaintiff's Complaint brings multiple, unrelated claims against numerous defendants, including Eighth Amendment claims for deliberate indifference to serious medical needs, Fourteenth Amendment due process claims arising out of disciplinary hearings, and First Amendment claims related to mail tampering and denial of Plaintiff's right to access to the courts. Thus, Plaintiff's allegations fail to comply with the rules governing the joinder of multiple claims and defendants in the same lawsuit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). For instance, Plaintiff's Eighth Amendment deliberate indifference claim as to various Defendants is wholly unrelated to his First Amendment claim against other Defendants regarding tampering with Plaintiff's mail and

obstructing his right to access to the courts.

The Court will allow Plaintiff the opportunity to amend the Complaint to comply with Rules 18 and 20. That is, in an Amended Complaint, Plaintiff may choose which distinct claims he wishes to pursue in this action. As to wholly unrelated claims against different Defendants, he must bring those claims through separately filed lawsuits. For instance, Plaintiff's deliberate indifference claim must be brought in a separate lawsuit from his wholly unrelated claim of a violation of his First Amendment right to access to the courts.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with this order. If Plaintiff fails to amend the Complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an Amended Complaint purports to bring claims against multiple defendants that are wholly unrelated, the Amended Complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.

2. The Clerk is directed to mail Plaintiff a new Section 1983 Complaint form.

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge