UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00274-MR

| AJANAKU MURDOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| FNU HASSAN, et al., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on its own motion on Plaintiff's failure to respond to the Court's Order to Show Cause why Defendants FNU Hassan and FNU Dixon should not be dismissed as Defendants in this matter [Doc. 70].

Pro se Plaintiff Ajanaku Murdock ("Plaintiff") is a North Carolina prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action in this Court on May 23, 2017, pursuant to 42 U.S.C. § 1983. [Doc. 1]. In his original Complaint, Plaintiff named fourteen Defendants, asserting violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. [Id.]. On November 6, 2017, Plaintiff filed an amended complaint in which he named only four Defendants: FNU Dixon, Gregory Haynes, FNU Hassan,

and FNU Mitchell. [Doc. 16]. He purports to state claims of "inadequate medical care, deliberate indifference, and cruel and unusual punishment." [Id. at 3]. On December 1, 2017, Plaintiff's claims against these four Defendants survived the Court's frivolity review. [Doc. 17]. The Clerk mailed Plaintiff four blank summons forms to fill out and return to the Court for service on Defendants. On February 16, 2018, with Plaintiff not having returned the completed summonses, the Court ordered that Plaintiff had fourteen (14) days to return the completed summons forms to the Clerk. [Doc. 18]. Thereafter, Plaintiff returned summons forms to the Clerk that were only partially completed. [Doc. 20]. The Clerk mailed back the summons forms with instructions on how to complete them. [Id.]. On March 27, 2018, the Court received completed summons forms for Defendants Hassan, Haynes, and Mitchell. Plaintiff failed to include a completed summons form for Defendant Dixon. [Doc. 21]. The Clerk sent Plaintiff another summons form, again instructing Plaintiff to complete and return the form for service on Defendant Dixon. [Id.]. After the Clerk received completed forms for all four Defendants, the Clerk electronically submitted the summonses to the U.S. Marshal for service. [Doc. 22]. On April 17, 2018, the summonses were returned unexecuted for all four Defendants. [Doc. 23]. Thereafter, on June 21, 2018, the Court ordered the Clerk to

2

commence the procedure for waiver of service of process as set forth in the newly enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety (NCDPS). [Doc. 25]. The Clerk sent requests for waivers of service to the NCDPS the next day. [Doc. 26]. Waivers of services were returned executed by Defendants Mitchell and Haynes. [Docs. 29, 30]. No waivers of service were ever obtained from Defendants Hassan or Dixon. These Defendants have never been served in this matter.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule makes clear that the Court must extend the service period if the plaintiff can show "good cause" for the failure to serve. Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court." Collins v. Thornton,

--- F. App'x ---, 2019 WL 3801449, at *1 (4th Cir. Aug. 13, 2019) (citations omitted). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on December 1, 2017. [Doc. 17]. On April 22, 2020, the Court, pursuant to Rule 4(m), notified Plaintiff that it would dismiss Defendants Hassan and Dixon without prejudice unless Plaintiff within 14 days thereof showed good cause for the failure to timely serve this Defendant. [Doc. 70]. Plaintiff has not responded to the Court's Show Cause Order.

As such, the Plaintiff has not timely shown good cause for his failure to timely serve Defendants Hassan and Dixon. Further, the Court declines to exercise its discretion to extend the time for service given the late stage of these proceedings. The Court will, therefore, dismiss Defendants FNU Hassan and FNU Dixon.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants FNU Hassan and FNU Dixon hereby **DISMISSED** as Defendants in this case without prejudice.

Signed: May 21, 2020

Martin Reidinger
United States District Judge